UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUDE RIVERA,

    Plaintiff,

v.                               CASE NO. 8:19-cv-2337-TPB-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Unopposed Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Motion") (Doc. 29). Plaintiff's counsel makes a timely request for an award of attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,080.00. (*Id.* at 1.) For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

## I. Background

On September 20, 2019, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of his application for Social Security Disability benefits. (Doc. 1.) On August 17, 2020, the Court reversed the Commissioner's decision and remanded the case to the ALJ for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20.) On January 11, 2021, the Court granted Plaintiff's Unopposed Motion for Award of Attorney's Fees and Costs/Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Plaintiff's counsel $6,791.12 in attorney's fees, $13.60 in expenses, and $440.00 in costs. (Doc. 26.)

On remand, the Commissioner issued a favorable decision, finding Plaintiff entitled to monthly disability benefits beginning April of 2015. (Doc. 29-2 at 1.) Pursuant to 42 U.S.C. § 406(b), the Commissioner withheld $22,052.50, which represents 25% of Plaintiff's past-due benefits of $88,210.00, for the possible payment of attorney's fees. (Doc. 29-2 at 1 (also noting that Plaintiff's attorney was previously paid a fee of $6,000.00 for his work at the administrative level under 42 U.S.C. § 406(a)).) Plaintiff's counsel now seeks an award of attorney's fees pursuant to the contingency fee

contract[2] with Plaintiff in the amount of $13,080.00, and states that he will refund the EAJA fee of $6,791.12 to Plaintiff upon receipt of the § 406(b) fee. (Doc. 29 at 1.)

**II.   Standard**

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the

---

[2] The contract provides in relevant part:
> As compensation for my representative's services, I agree to pay my representative a fee computed by 25% of past due benefits, less any fees obtained pursuant to [EAJA].  I understand that these fees are in addition to any fees owed to my attorney or representative for work done before the administrative agency.

(Doc. 31-1 at 1.)

3

> attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.  Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his counsel 25 percent of his past-due benefits. (Doc. 31-1.) Plaintiff's counsel's request for an award of $13,080.00 is within the statutory

4

maximum of 25 percent of the past-due benefits. Therefore, the contract is presumptively reasonable.

Moreover, there is no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's counsel provided professional and skilled representation, resulting in a significant award of past-due benefits. The Court also finds that counsel promptly prosecuted this case.

Further, the Court does not find the requested fee to be disproportionately large in relation to the total amount of time spent on this case (32.7 hours). While counsel's rate in this case equates to $192 per hour (after reimbursement of the EAJA fees) or $400.00 per hour (before reimbursement of the EAJA fees), such rates are in line with the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-JA-GJK, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012) (report and recommendation adopted by 2012 WL 1890558) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)); *Foster v. Astrue*, No. 3:08-cv-960-HWM-JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v.*

*Astrue*, No. 3:06-cv-438-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-KRS, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, No. 3:06-cv-369-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-JES-DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, No. 6:02-cv-458-ACC-KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

There are no other potential reasons to reduce the fee. Therefore, because the undersigned finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's attorney should be awarded the requested fee.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 29**) be **GRANTED**.

2. The Commissioner be directed to pay to Plaintiff's counsel the

sum of $13,080.00 for § 406(b) fees out of Plaintiff's past-due benefits. Plaintiff's attorney be directed to refund the EAJA fee award of $6,791.12 to Plaintiff upon receipt of the § 406(b) fees.

    3.    The Clerk of Court be directed to enter judgment accordingly.

**DONE AND ENTERED** at Jacksonville, Florida, on June 28, 2021.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Thomas P. Barber
United States District Judge

Counsel of Record